UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

NO. 09-106-JJB-2

SHAWNA TICKLES

**RULING AND ORDER**

These matters are before the Court on Defendant's motion (doc. 51) to reveal the identity of the government's confidential informant ("CI"), and Defendant's motion (doc. 55) to sever counts. The government filed an opposition to each motion. (Docs. 57 & 58). The Court held oral arguments on October 29, 2009. For the following reasons, Defendant's motions are DENIED.

Background

The government jointly indicted Shawna Tickles and David Mattire, charging both co-defendants with possession with intent to distribute fifty grams of cocaine base. The government also charged Tickles with possession of marijuana. Upon Defendants' unopposed motion, the Court severed the Defendants, granting separate trials.

The indictment arises out of an undercover investigation in which a confidential informant allegedly arranged for a meeting to purchase cocaine from Mattire. The meeting arose after months of negotiations between the CI and Mattire. At the arranged meeting, upon a signal from the confidential informant,

1

agents arrested Mattire and Tickles. When arrested, Tickles allegedly possessed a small amount of marijuana.

## Analysis and Conclusion

*Motion to Reveal the CI's Identity*

Tickles moves the Court to reveal information about the CI. She specifically requests: (1) the identity; (2) the criminal and personal history; (3) confidential source establishment reports; (4) informant agreements; (5) informant conduct agreements; (6) payment records; (7) misconduct or deactivation reports; and, (8) debriefing reports or statements.

Courts use a three-part test to determine whether disclosure is mandated. *United States v. De Los Santos*, 810 F.2d 1326, 1331 (5th Cir. 1987) (*applying Rosario v. U.S.*, 353 U.S. 53 (1957)). Under the test, courts first evaluate to what degree an informant participated in the alleged criminal activity; higher participation favors disclosure. *Id.* Second, courts consider the defendant's showing that the testimony would "significantly aid the defendant in establishing an asserted defense." *Id.* Third, courts consider the government's interest in the informant's safety and his future usefulness as an informant. *Id.*

The government concedes that the CI substantially participated in the alleged criminal activity. Because the CI took part in multiple negotiations, arranged for the instant drug deal, and acted as the drug buyer, the Court finds that Tickles has established the first factor.

Regarding the second factor, however, the government asserts that Tickles has failed to show how revealing the CI's identity would aid in an "asserted defense." Indeed, Tickles has not asserted a defense to the charges, but has argued only that she needs the CI's information to prepare for trial because the CI's credibility will prove determinative.[1] Such an argument, however, amounts to little more than "mere supposition" and does not fulfill her burden. *See id.* at 1332 (denying motion to reveal information where the defendant asserted no defense but said that the information would be relevant and helpful to his defense).

Finally, regarding the third factor, the government asserts that it has a strong interest in protecting the informant's identity. The CI is currently participating in another undercover investigation and revealing his identity would jeopardize that investigation. *See id.* (informant's participation in ongoing investigations weighed against disclosure). Therefore, the government has established its interest in not revealing the CI's identity.

Thus, the Court finds that the interests militate against disclosure. Even though the CI's participation was substantial, Tickles failed to establish how disclosure will significantly aid in an asserted defense, and the government's interests are strong.

---

[1] Indeed, the government must provide much of what Tickles requests as *Giglio* material. *See Giglio v. U.S.,* 405 U.S. 150 (1972). This ruling, however, does not address the timing of those *Giglio* related disclosures.

*Motion to Sever Charges*

Under the Federal Rules of Criminal Procedure, the government may charge a defendant in separate counts with two or more offenses if those offenses are (1) of the same or similar character; (2) based on the same act or transaction; or, (3) connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). Even if a matter is properly joined under Rule 8, however, a defendant may seek severance based on prejudice. Fed. R. Crim. P. 14(a). A court, in its discretion, may sever counts if any party is prejudiced by joinder. *U.S. v. Restrepo,* 994 F.2d 173, 186 (5th Cir. 1993).

Here, Tickles concedes that joinder is proper, thus the Court need not address that issue. Regarding Rule 14, however, Tickles argues that joinder will result in prejudice. Tickles asserts that the government's proof connecting her to the more serious drug trafficking crime is tangential because she did not actively engage in any negotiations. Yet, because she possessed marijuana at the time of the arranged drug transaction, Tickles fears that a jury will conclude that a drug user is more likely to have been trafficking drugs as well.

The government responds that severance will not solve the prejudicial issue because even if severed, the government would seek to introduce evidence of Tickles' possession of marijuana in a trial solely on the trafficking offense. *See Manning v. Warden, La. State Penitentiary*, 786 F.2d 710, 712 (5th Cir. 1986) ("When all the evidence at one trial could have been admitted at two separate trials, there could be no prejudice in having just one trial."). Instead of

4

severance, the government argues that the Court may more efficiently address any prejudice through jury instructions, especially because this case is not complex.

At the outset, the Court notes that there is a substantial likelihood of prejudice from a jury hearing evidence of both crimes. However, because the charged crimes arose out of the same arrest, resulting from simultaneous actions, the possibility of an unfair trial is lessened. *Cf U.S. v. Holloway,* 1 F.3d 307, 310-11 (5th Cir. 1993) (holding charges should have been severed where the charges arose from actions committed two months apart). Indeed, the government will not rely on a prejudicial nexus between drug users and drug dealers, but will attempt to establish Tickles' involvement in the drug trafficking crime through the testimony of its agents. The use of actual evidence to prove the drug trafficking crime reduces the risk of prejudice from the drug possession crime. *See U.S. v. Smith*, 281 Fed. App'x 303, 304-05 (5th Cir. 2008) (finding the government's strong evidence on one count reduced any prejudicial impact from allegedly improper joinder).

Instead of severance, the Court can sufficiently mitigate the possibility of prejudice through limiting instructions. *See Smith*, 281 Fed. App'x at 305; *U.S. v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995) (also noting that juries are presumed to follow the court's instructions). Here, where the facts are not complex and the charges are few, a jury should have little trouble following those instructions.

5

Therefore, the Court finds that in light of alternative remedies, severance of counts is not necessary to avoid possible prejudice.

Accordingly, Defendant's motion (doc. 51) to reveal the identity of the confidential informant is hereby DENIED.  Also, Defendant's motion (doc. 55) to sever counts is hereby DENIED.

Signed in Baton Rouge, Louisiana, this 10th day of November.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**