UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL ACTION |
| VERSUS | |
| | NO. 09-106-JJB |
| SHAWNA TICKLES | |

**RULING & ORDER**

This matter is before the Court on the government's motion in limine (doc. 77) to prevent Defendant from introducing lack of specific acts as character evidence. Defendant filed an opposition. (Doc. 81.) There is no need for oral arguments. For reasons discussed below, the Court GRANTS the government's motion.

The government anticipates Tickles introducing testimony that she has never been arrested as evidence of her character as a law-abiding citizen. The government argues that testimony of a lack of instances of bad conduct equates to testimony of specific instances of good conduct. And testimony as to specific instances is inadmissible reputation or opinion testimony. Fed. R. Evid. 405(a).

As Tickles notes, evidence establishing a defendant's character as law-abiding is always relevant, even if the defendant does not take the stand. *United States v. Hewitt,* 634 F.2d 277, 279 (5th Cir. 1981). That principle, however, addresses a legitimate purpose of general character evidence, but does not shed light on whether evidence of a lack of criminal history is admissible as evidence of specific instances.

Although Fifth Circuit jurisprudence is silent on this issue, other courts have recognized that testimony of a lack of criminal arrests indirectly amounts to testimony of specific instances. *Gov't of the V.I. v. Grant,* 775 F.2d 508, 512 (3rd Cir. 1985); *United*

*States v. Morgan*, 2000 WL 1622748, *10 (E.D. Pa. 2000).  In *Grant,* the Third Circuit outlined arguments for and against allowing evidence of a lack of arrests to prove character.  775 F.2d at 511-12.  After weighing the arguments, the court decided that "inasmuch as the Federal Rules of Evidence provide a clear method of proving character, we see no reason to stretch them."  *Id.*  This Court agrees and finds that Tickles may not elicit testimony of her lack of criminal history as character evidence.

However, Tickles may introduce evidence of her lack of criminal history as background evidence.  *See id.* at 513 ("Such evidence is routinely admitted without objection, and testimony that an accused has never been arrested is commonly admitted as part of this background evidence.").  As background, such evidence provides relevant information to the jury in weighing a defendant's culpability.  *Id.*

Accordingly, the Court GRANTS the government's motion in limine (doc. 77) in so far as Defendant cannot introduce evidence of her lack of a criminal history as character evidence.  She may, however, introduce such evidence as background.

Signed in Baton Rouge, Louisiana, on December 15th, 2009.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**